CAFETEROS DE YAUCO, INC., Petitioner, *v.* DISTRICT COURT OF MAYAGÜEZ, Respondent.

No. 951.   Argued March 12, 1934.—Decided April 23, 1934.

*E. Pérez Rejis* for petitioner.   *José Sabater* for defendant in the main action.

MR. JUSTICE WOLF delivered the opinion of the court.

José González Clemente & Co., who had a mortgage credit against Sebastián Colón Soto, began an ordinary suit against him for the recovery of money. This firm asked for and obtained an attachment. The attachment was levied upon a coffee crop on the property that had been originally mortgaged. Then José González Clemente & Co. obtained an order naming a depositary to collect and take care of the coffee on the trees.

While this suit was pending, Cafeteros de Yauco, Inc., filed an intervention proceeding claiming a preferential right (*tercería de mejor derecho.*) This last suit took its due course and therein the depositary named by the court in the suit of González Clemente & Co. was superseded by an administrator named in the intervention suit.

After a while, José González Clemente & Co., who had paid the expenses of the depositary in its original suit, presented a motion to the District Court of Mayagüez, within

the intervention proceeding, requesting that the costs, amounting to $207.57, be refunded to them. The court so ordered and then Cafeteros de Yauco, Inc., presented a petition for certiorari to this court.

The theory of the intervention of Cafeteros de Yauco, Inc., was that there had been a refaction contract with the debtor Sebastián Colón Soto, which was duly recorded and had preference over any of the claims of any other person.

In its brief the petitioner maintains that the preferential right extended to the whole crop and that José González Clemente & Co. was not entitled to the refund of the costs that it had paid; that if the said firm had paid out money it was on its own responsibility and that in any event it was premature to decide the principal controversy now.

It appears that the motion for the payment of these costs was duly heard in the District Court of Mayagüez and granted and a motion for reconsideration denied.

On the presentation of an original petition for certiorari the time for deliberation is necessarily brief. Therefore, when a party alleges, as here, that the action of the court was premature and that he was not heard on a particular matter, we may think it better to issue the writ and hear the parties. We have the opinion now that if we had considered this petition more carefully, the writ would not have issued. We do not find that any real question of procedure was involved. The question fundamentally was whether the Cafeteros de Yauco, Inc., had a preference over the claim of González Clemente & Co., who were seeking to recover the funds paid out to preserve the coffee. The matter before the court was fundamentally one of substance.

Even if matters of procedure were involved, it is a kind of a case that should normally be left to the decision of the district court. In other words, we ought discretionally to have denied the writ.

The writ should be annulled.